UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MAURICE LEONARD,

    Defendant.
                            /

Criminal Case No. 07-20545

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [51]**

On April 1, 2008, Maurice Leonard pleaded guilty to distribution of more than five grams of crack cocaine, in violation of 21 U.S.C. § 841(a), aiding and abetting the distribution of more than five grams of crack cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a), aiding and abetting the assault of a federal agent, in violation of 18 U.S.C. §§ 2 and 111(b), and aiding and abetting the use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c). On July 23, 2008, the Court sentenced Leonard to seventeen years imprisonment. (ECF No. 25, PageID.101). Leonard is currently thirty-two years old, incarcerated at USP Florence, and scheduled for release on February 25, 2023. *Find an Inmate*, FED. BUREAU PRISONS, https://www.bop.gov/mobile/find_inmate/index.jsp (BOP Register Number 42080-039) (last visited May 21, 2021).

On January 21, 2021, Leonard moved for compassionate release. (ECF No. 51). The Court appointed counsel on February 11, 2021. (ECF No. 52). Although a hearing was initially set for March 17, 2021, the Court now finds the Motion [51] appropriate for determination without a hearing. *See* L.R. 7.1(f)(1).

**ANALYSIS**

Before a petitioner moves for compassionate release under 18 U.S.C. § 3582(c)(1), they must either exhaust their administrative remedies with the BOP or wait thirty days from when they filed a request with their warden. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Once the exhaustion requirement is deemed satisfied, district courts proceed through a three-step inquiry:

> At step one, a court must "find[]" whether "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). At step two, a court must "find[]" whether "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A) (emphasis added). At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." [*Dillon v. United States*, 560 U.S. 817, 827 (2010).]

*United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (some alterations in original) (footnotes omitted). Where the incarcerated person moves for release on their own behalf, the Sentencing Commission's policy statement on compassionate release, § 1B1.13 of the Sentencing Guidelines, is not "applicable," and "district courts need not consider it." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir.

2021). In such cases, "district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id.* at 519-20 (citing *Jones*, 980 F.3d at 1111; *United States v. Ruffin*, 978 F.3d 1000, 1007 (6th Cir. 2020)). Finally, if "any of the three prerequisites listed in § 3582(c)(1)(A) [are] lacking," the motion for compassionate release can be denied the other requirements need not be addressed. *Id.* at 519.

Here, although the Government concedes that Leonard has satisfied the exhaustion requirement of § 3582(c)(1), it argues that he has not demonstrated extraordinary and compelling reasons for release and that the 18 U.S.C. § 3553(a) factors do not support release. (ECF No. 61, PageID.263-64). The Court agrees.

Leonard argues that he should be released because his medical conditions—a BMI of 28.3 and possible sleep apnea—make him more susceptible to severe illness from COVID-19, because he was only nineteen when he committed the instant offenses, and because he was sentenced to a far greater term of imprisonment than one of his co-defendants. (ECF No. 59, PageID.232, 235). Even if the Court were to find these reasons extraordinary and compelling under § 3582(c)(1)(A), the § 3553(a) factors would nevertheless weigh against release.

Leonard has had more than a dozen incidents of misconduct since being incarcerated. These include multiple incidents of possessing a weapon and assault, the most recent of which was in 2019. (ECF No. 61-7, PageID.297-302). In addition,

Leonard's federal sentence runs concurrent to a state sentence of thirty to sixty years imprisonment. (ECF No.61-8, PageID.304). Consequently, even if the Court ordered compassionate release, Leonard would be just be transferred to MDOC custody where COVID-19 has spread at far greater levels than in the federal system. *See United States v. Hoeltzel*, No. 18-20111, 2021 U.S. Dist. LEXIS 20418 (E.D. Mich. Feb. 3, 2021) (denying release for this reason). This would do little good. Not only would Leonard be unable to return to society any more quickly, but he would be at increased risk of infection from COVID-19. The Court therefore finds that § 3553(a) factors preclude release. Leonard will be safer if he remains in federal custody until the completion of his federal sentence.

Accordingly,

**IT IS ORDERED** that Maurice Leonard's Motion for Compassionate Release [51] is **DENIED**.

**SO ORDERED**.

|  |  |
|---|---|
|  | s/Arthur J. Tarnow |
|  | Arthur J. Tarnow |
| Dated: May 26, 2021 | Senior United States District Judge |